| | |
|---|---|
| **TONY C.**,[1] | Case No. 3:18-cv-1401-AC |
| Plaintiff, | **ORDER** |
| v. | |
| **COMMISSONER OF SOCIAL SECURITY** | |
| Defendant. | |

Betsy R. Shepherd, BETSY R. SHEPHERD, ATTORNEY AT LAW, 425 Riverwalk Manor Drive, Dallas, GA 30132. Of Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Jeffrey E. Staples, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

---

[1] In the interest of privacy, this order uses only the first name and the initial of the last name of the non-governmental party in this case.

PAGE 1 – ORDER

**Michael H. Simon, District Judge.**

United States Magistrate Judge John Acosta issued Findings and Recommendation in this case on September 30, 2019. ECF 22. Magistrate Judge Acosta recommended that the Commissioner's decision denying Plaintiff's application for Disability Insurance Benefits ("DIB") should be affirmed.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. ECF 24. Plaintiff argues that the Appeals Council improperly found that medical evidence did not relate to the period at issue and rejected it. He

also argues that the ALJ's RFC finding was not supported by substantial evidence. Finally, Plaintiff argues that his own testimony and the testimony of his physical therapist were improperly rejected and should be credited as true.

The Court has reviewed *de novo* Magistrate Judge John Acosta's Findings and Recommendation, as well as Plaintiff's objections and Defendant's response. The Court agrees with Magistrate Judge Acosta's reasoning affirming the Commissioner's denial of benefits and ADOPTS the Findings and Recommendation.

The Court **ADOPTS** Magistrate Judge Acosta's Findings and Recommendation, ECF 22. The Commissioner's decision finding Plaintiff was not disabled after October 22, 2015 should be AFFIRMED.

**IT IS SO ORDERED.**

DATED this 9th day of December, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge